UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GO MORTGAGE, LLC, : | |
| : | |
| Plaintiff, : | Case No. 2:23-cv-02269 |
| : | |
| v. : | Judge Sarah D. Morrison |
| : | |
| KATIE CHIKONDE, : | Magistrate Judge Elizabeth P. Deavers |
| : | |
| Defendant. : | |
| : | **RULE 26(f) REPORT** |
| : | |

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>August 16, 2023</u> and was attended by:

<u>Lauren A. Kemp                          </u>, counsel for plaintiff(s) <u>Go Mortgage, LLC          </u>,

<u>Gary M. Kramer                          </u>, counsel for defendant(s) <u>Katie Chikonde             </u>,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

<u>      </u>Yes    <u>  X  </u>No

2. <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

<u> X  </u>Yes     <u>      </u>No     <u>      </u>The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by <u>September 14, 2023</u>.

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

<u> X </u> Yes     <u>     </u>No

If yes, describe the issue: Defendant intends to move to dismiss pursuant to Fed. R. Civ. P. (b)(2) and (3), and 28 U.S.C. § 1406(a), for lack of personal jurisdiction over her and improper venue. In the alternative, Defendant will seek transfer this matter to proper venue in the District of Colorado, pursuant to 28 U.S.C. § 1404(b). Defendant will also move to dismiss the state law claims pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction.

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by <u>September 15, 2023.</u>

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by <u>October 1, 2023</u>.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by <u>N/A</u>

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

      <u>     </u>Yes    <u> X </u>No

      If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

   b. Are the parties requesting expedited briefing on the pending motion(s)?

      <u>     </u>Yes    <u>     </u>No    <u> X </u>Other

      Plaintiff does not request expedited briefing. Defendant requests expedited briefing on the above-described motion(s) to dismiss.

      Defendant's proposed expedited schedule:

      Opposition to be filed by<u>          </u>; Reply brief to be filed by<u>          </u>.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

This is a civil action brought by Plaintiff Go Mortgage, LLC, against its former employee Defendant Katie Chikonde. Plaintiff alleges that Defendant, immediately prior to her resignation, committed acts of corporate sabotage on account of her lack of job satisfaction and unhappiness with the terms of her compensation. Plaintiff alleges Defendant, among other things, introduced false information and inaccurate settings for Defendant within the Fannie Mae portal, misappropriated Plaintiff's confidential information, and intentionally deleted business critical files from Defendant's cloud hosted storage site. The complaint alleges claims for violations of the Computer Fraud and Abuse Act, Defend Trade Secrets Act, the Wisconsin Trade Secrets Act; breach of contract; tortious interference with a business relationship; and breach of duty of good faith and fair dealing. Defendant denies these allegations and claims and further claims the complaint in this case were filed for retaliatory purposes.  Plaintiff made a jury demand.

Defendant denies Plaintiff's allegations in their entirety. Plaintiff intends to move to dismiss for improper venue, lack of personal jurisdiction, and lack of subject matter jurisdiction. She also alleges that Plaintiff filed its claims in bad faith, over a year after her resignation, in retaliation for her pending lawsuit against Plaintiff in Colorado state court filed in February which seeks unpaid wages. On that basis, Defendant intends to file an additional motion to dismiss pursuant to the Colorado Anti-SLAPP statute.

7. <u>DISCOVERY PROCEDURES</u>

   a. Plaintiff proposes that all fact discovery shall be completed by <u>April 24, 2024</u>. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

      Defendant notes that the above presumes that the Court will retain jurisdiction and venue in this matter, both of which will be challenged via her motion(s) to dismiss. Notwithstanding, she proposes that all fact discovery shall be completed by October 24, 2024. Defendant submits that less than 8 months to complete discovery in this complex matter is unreasonable and unrealistic. Defendant anticipates extensive discovery and review of ESI from both Plaintiff and third parties, as well as expert consulting and potential expert testimony based on that evidence. Depending on Plaintiff's disclosures, Defendant anticipates discovery involving numerous additional third parties.

   b. Do the parties anticipate the production of ESI? <u>X    </u> Yes <u>      </u> No

   If yes, describe the protocol for such production:

   The parties will meet and confer and agree to an ESI protocol by <u>September 21, 2023</u>.

   c. Do the parties intend to seek a protective order or clawback agreement? <u>X</u> Yes <u>  </u> No

   If yes, such order or agreement shall be submitted to the Court by <u>September 15, 2023</u>

8. <u>DISPOSITIVE MOTIONS</u>

   a. Plaintiff proposes that any dispositive motion shall be filed by <u>May 24, 2024</u>. Defendant proposes <u>November 24, 2024</u>.

   b. Are the parties requesting expedited briefing on dispositive motions?

   <u>    </u> Yes  <u> X   </u> No

   If yes, identify the proposed expedited schedule:

   Opposition to be filed by<u>         </u>; Reply brief to be filed by<u>         </u>.

9. <u>EXPERT TESTIMONY</u>

   a. Plaintiff proposes that primary expert reports must be produced by <u>January 24, 2024</u>. Defendant proposes <u>June 24, 2024</u>.

   b. Plaintiff proposes that rebuttal expert reports must be produced by <u>February 23, 2024</u>. Defendant proposes <u>July 23, 2024.</u>

   c. Plaintiff proposes that expert depositions must be conducted by <u>March 29, 2024</u>. Defendant proposes <u>August 29, 2024.</u>

10. <u>SETTLEMENT</u>

Plaintiff will a make a settlement demand by <u>February 15, 2024</u>. Plaintiff proposes Defendant will respond by <u>March 7, 2024</u>. Plaintiff agrees to make a good faith effort to settle this case. Plaintiff understands that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  Plaintiff requests the following month and year:

<u>May, 2024</u>

In order for the conference to be meaningful, Plaintiff agrees to complete all discovery that may affect its ability to evaluate this case prior to the settlement conference. Plaintiff understands that it will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Defendant notes that the above presumes that this Court will retain jurisdiction and venue of the matter, both of which she intends to litigate. Regardless, Defendant will not be prepared to consider any possibility of settlement in this matter until the completion of discovery, including substantial information to be obtained from third parties. It is impossible to know whether any such consideration will be possible by the dates proposed by Plaintiff, and at present Defendant deems it highly unlikely.

11. <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

  X   Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place _____ in chambers  X  by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:

The parties agree to work in good faith on an agreement on the limits of allowable discovery, including, but not limited to, discussions on the number of interrogatories, the number of depositions, and the time limits for those depositions.

If the parties determine that depositions in this action should take place remotely, the parties will meet and confer and agree on a remote deposition protocol.

Defendant's *pro hac vice* lead counsel requests leave of the Court to continue to appear remotely for all purposes in this matter, unless otherwise directed by the Court. Trial counsel for the Defendant will participate as necessary and required by the local rules and this Court's practice standards.

Signatures:

| | |
|---|---|
| */s/ James D. Abrams* | */s/ Gary M. Kramer* |
| James D. Abrams | Gary M. Kramer |
| Counsel for Plaintiff | Counsel for Defendant |
| Bar # 0075968 | CO. Bar # 41017 |
| | |
| */s/ Lauren A. Kemp* | */s/ Robert E. DeRose* |
| Lauren A. Kemp | Robert E. DeRose |
| Counsel for Plaintiff | Counsel for Defendant |
| Bar # 0093436 | Bar # 0055214 |

6

128629620v5