IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GO MORTGAGE, LLC, | : | |
| | : | Case No. 2:23-cv-2269 |
| Plaintiff, | : | |
| | : | Judge Sarah D. Morrison |
| v. | : | |
| | : | Magistrate Judge Elizabeth Preston Deavers |
| KATIE CHIKONDE, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Katie Chikonde ("Ms. Chikonde"), through undersigned counsel, and in response to Plaintiff's Complaint, hereby moves to dismiss Plaintiff's Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or the alternative to transfer venue in this matter to the District of Colorado pursuant to 28 U.S.C. §1406(a). Ms. Chikonde also moves to dismiss the Complaint for lack of personal jurisdiction over her, pursuant to Fed. R. Civ. P. 12(b)(2).

Alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), Ms. Chikonde moves to dismiss Plaintiff's fourth and sixth common-law claims for relief as preempted by its federal statutory claims, its first and second claims for relief. Ms. Chikonde also moves to dismiss Plaintiff's fifth claim for relief for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

**I. Venue in the Southern District of Ohio is improper because Defendant worked for Plaintiff and resides in Colorado, and Plaintiff's claims did not arise in Ohio.**

Plaintiff asserts federal question, not diversity, jurisdiction. *Id.* ¶ 25. It alleges Ms. Chikonde "consented to being sued in federal court, under the laws of Wisconsin, pursuant to [the parties' Nondisclosure and Confidentiality Agreement and the Telecommuting Policy]". *See* Complaint ¶¶ 4, 27. It then alleges that venue in this district is proper pursuant to 18 U.S.C. § 1391. *Id.*, ¶ 28.

Plaintiff's assertion is false, both legally and factually. First, the Telecommuting Policy document does not contain any references to potential legal disputes that might arise under it, and is therefore silent as to forum choice (as well as choice of law) for any such litigation. *See* Dkt. #3, a PAGEID #24-26. The nondisclosure agreement ("NDA") contains only a generic reference to injunctive relief for an alleged dispute arising out its terms, and does not specify any forum selection, either in state or any federal court:

> Employee agrees without limiting any of the other remedies available to GSF that any violation may be enjoined or restrained by any court of competent jurisdiction, including a federal court, and that any temporary restraining order or emergency preliminary or final injunctions may be issued by any Court of competent jurisdiction without notice and without bond. ln the event any proceedings are commenced by GSF against Employee for any actual or threatened violation of any of said covenants.

*Id.* at PAGEID #32. The NDA further provides for a general Wisconsin choice of law. The parties' employment agreement (between Ms. Chikonde and Go Mortgage's predecessor, GSF Mortgage) also does not contain any provisions regarding legal dispute resolution, choice of law, or forum choice. *See id.* at PAGEID 34-35.

It is undisputed that Ms. Chikonde worked for Go Mortgage, LLC (formerly GSF Mortgage Corp.) from her residence in Colorado. *See* Complaint ¶ 29. However, there is no basis whatsoever, either factually or legally, for Plaintiff's assertion that Defendant "consented to being sued in federal court, under the laws of Wisconsin". Ms. Chikonde acknowledges that this Court has federal question jurisdiction over Plaintiff's federal law claims under the Defend Trade Secrets Act ("DTSA") (*see* 18 USC 1868(c)) and the Computer Fraud and Abuse Act ("CFAA") (*see* 18 USC 1030(g)). However, neither statute contains any provision to determine proper venue, which – absent an express and unambiguous contractual agreement between the parties that provides otherwise – is governed by the federal venue statute, which provides for proper venue in a district court where:

>   (1) Any defendant resides in the district, if all defendants reside in the state where the district is located.
>
>   (2) A substantial part of the events or omissions giving rise to the claim occurred in the district.
>
>   (3) A substantial part of property that is the subject of the action is situated in the district.

28 USC § 1391(b). It is not disputed that Defendant does not reside in the Southern District of Ohio. Plaintiff's allegations do not involve a dispute about any "property" in this district. To the extent that the Agreement provides for Wisconsin law to apply, Plaintiff does not allege that any law of that state dictates venue in this case. Nor does Plaintiff allege that the Wisconsin choice of law provision in the Agreement somehow suggests that venue could be appropriate in the District of Wisconsin.

Therefore, it appears that Plaintiff can only assert that venue is appropriate here because "[a] substantial part of the events or omissions giving rise to the claim occurred in [this] district." On the pleadings, there are no alleged facts that can support that Plaintiff's claims "arose" in this district. Ms. Chikonde's alleged actions all took place on her laptop in Colorado, not in Ohio. Defendant does not plead that its computer file storage systems are located in Ohio, nor is Ohio the location of the Optimal Blue or Fannie Mae software-as-a-service platforms.

Thus, venue in this matter is improper in the Southern District of Ohio, and the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, pursuant to 28 U.S.C. §1406(a), the Court should transfer venue in this matter to the District of Colorado, where defendant Ms. Chikonde resides.[1]

---

[1] Relatedly, Ms. Chikonde sued Go Mortgage in Colorado state district court in February 2023, alleging that nonpayment of her 2021 bonus compensation violated the Colorado Wage Claim Act. Arapahoe County District Court Case No. 2023CV030334. If this Court denies the instant Motion to Dismiss Plaintiff's claims in their entirety, Ms. Chikonde will include in her Answer a counterclaim against Go Mortgage for retaliation, pursuant to the same Colorado statute.

    **II.**    **This Court lacks personal jurisdiction over Ms. Chikonde because neither her remote employment in Colorado by an Ohio-based entity, nor her alleged acts during that employment, constitute transacting business or causing tortious injury by an act or omission in this state.**

When a federal claim affords the jurisdictional anchor in a case, the court must look to Fed. R. Civ. P. 4 to determine whether the court has the power to exercise personal jurisdiction over the defendants. Fed. R. Civ. P. 4(e)(1) points to the long-arm statute of the state in which the district court sits. *Id.* In relevant part, the Ohio long arm statute provides for personal jurisdiction over a person arising from that person's

> (1) transacting any business in this state;
> \*\*\*
> [or]
> **(3)** Causing tortious injury by an act or omission in this state;

ORC Ann. 2307.382(a). As stated above, Ms. Chikonde did not commit any act or omission *in Ohio*, while typing on her laptop at her remote work location in Colorado. The fact of her employment by an Ohio-based entity does not constitute transacting business in Ohio, rather she was transacting business in Colorado.

    **III.**    **Plaintiff's fourth claim for relief, which alleges breach of contract pursuant to Wisconsin common law, is preempted by its second and third claims for relief, which allege federal and state trade secret misappropriation.**

Claim #4 is based on the same facts as Plaintiff's claims #s 1 and 2, the DTSA and Wisconsin Trade Secret Act (WTSA) claims. Specifically, Plaintiff alleges that Ms. Chikonde retained and/or forwarded emails to herself that contain its trade secrets. *Compare* Complaint ¶¶ 72, 85, and ¶ 96. Thus, Plaintiff's common-law claim for breach of contract - which is premised on the identical conduct which allegedly violated the Agreement between the parties - is preempted by Plaintiff's federal and state statutory trade secret misappropriation claims.

Likewise, Claim #6 is based on the identical factual allegations – deleting files, removing authorized users, changing passwords, etc., as Plaintiff's CFAA claim. *Compare* Complaint ¶¶ 57-

59 to ¶ 109. That claim is therefore preempted by the federal statutory claim

The Court should therefore dismiss Plaintiff's Claims #4 and 6 pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.     The Court should decline to assert supplemental jurisdiction over Plaintiff's fifth claim for relief, which alleges tortious interference with a business relationship pursuant to Wisconsin common law.**

Plaintiff's Claim #5 is based on alleged facts that are completely independent of the other allegations in this case, except that Plaintiff alleges without any basis that Ms. Chikonde's actions were all part of a purported multi-faceted plan of corporate sabotage on which she embarked because of her alleged dissatisfaction with Go Mortgage over its nonpayment of her 2021 bonus compensation. Claim #5 alleges that Ms. Chikonde contacted various third parties who had actual or prospective contracts with Plaintiff, and "told them false information" which proximately caused some or all of those parties to terminate or suspend their business relationships with Plaintiff. These alleged facts have no relation whatsoever to the alleged facts underlying Plaintiff's DTSA or CFAA claims, and also have nothing to do with the Agreement.

The Court should conclude that Claim #5 does not derive from a common nucleus of operative facts and is therefore not part of the same "case or controversy" such that it should be tried together with the other claims in one proceeding. As a result, the Court should decline to exercise supplemental jurisdiction over this state common-law claim, and therefore dismiss it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Conclusion

For the foregoing reasons, the Court should conclude that Plaintiff filed this case in the improper venue, and that regardless this Court lacks personal jurisdiction over the Defendant Ms. Chikonde. The Court may, but is not required to, determine that venue for this matter is

appropriate in Colorado – where Ms. Chikonde is already suing Go Mortgage in state court – and order it to be transferred to the federal court there.

Assuming arguendo that the Court denies this Motion as to improper venue and lack of personal jurisdiction, it should nevertheless conclude that Plaintiff's Claims #4 and 6 are precluded by its statutory claims and dismiss those common-law claims. The Court should also decline to exercise supplemental jurisdiction over the factually and legally independent Claim #5, and dismiss that claim as well.

Respectfully submitted,

Dated: September 15, 2023

*/s/Gary M. Kramer*
Gary M. Kramer
Gary Kramer Law, LLC
1730 Chapel Hills Drive, Suite 100
Colorado Springs, CO 80920
Phone: (719) 694-2783
Fax: (719) 352-3622
gary@garykramerlaw.com

*/s/ Robert E. DeRose*
Robert E. DeRose
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorneys for Defendant Katie Chikonde*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I filed the foregoing pleading with the Court via CM/ECF, which will serve a copy of same upon Plaintiff's counsel as follows:

David K. Stein
James D. Abrams
Lauren A. Kemp
Taft Stettinius & Hollister LLP
41 S. High Street, Suite 1800
Columbus, OH 43215
dstein@taftlaw.com
jabrams@taftlaw.com
lkemp@taftlaw.com

Attorneys for Plaintiff

                                                  */s/Gary M. Kramer*
                                                  Gary M. Kramer