# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GO MORTGAGE, LLC, | : |
| | : Case No. 2:23-CV-2269 |
| Plaintiff, | : |
| | : Judge Sarah D. Morrison |
| v. | : |
| | : Magistrate Elizabeth Preston |
| KATIE CHIKONDE, | : Deavers |
| | : |
| Defendant. | : **PLAINTIFF'S MEMORANDUM** |
| | : **IN OPPOSITION TO** |
| | : **DEFENDANT'S MOTION TO** |
| | : **DISMISS** |
| | : |

## I. INTRODUCTION

This case is about the theft of trade secrets and unlawful manipulation of business records that was experienced by a Columbus-based company. Plaintiff Go Mortgage, LLC ("Go Mortgage") sustained significant financial harm as a result of the actions initiated by its former employee, Defendant Katie Chikonde ("Chikonde"). Go Mortgage is entitled to recovery for the damages that it sustained right here in Columbus, Ohio, for, among other things, violations under the Defend Trade Secrets Act ("DTSA") and Computer Fraud and Abuse Act ("CFAA").

Chikonde seeks to dismiss this lawsuit claiming she was a remote employee who worked from her home in Colorado. (See Motion to Dismiss filed September 15, 2023, Doc. 20.) Chikonde's Motion conveniently failed to mention that Go Mortgage is a company with its principal place of business in Columbus, Ohio, and that it sustained millions of dollars of damages in Ohio because of her actions. Because venue is proper in this District, the Motion to Dismiss should be denied.

129276816v1

The Motion to Dismiss also seeks dismissal of Go Mortgage's claims for breach of contract and breach of duty of good faith and loyalty by asserting that they are preempted by law. This assertion is without any legal foundation and ought to be rejected as well. In any event, Chikonde fails to meet the high burden established by Fed. R. Civ. P. 12(b)(6) by merely stating generalities without citing to any legal authority for support. Mot. to Dismiss, p. 4. Further, notwithstanding the fact that Go Mortgage's common law claims are based on *different* factual allegations than its federal statutory claims, the DTSA explicitly states that it does **not** preempt other civil claims, and the CFAA itself does feature any clear preemptive language. Perhaps this is why Chikonde failed to cite any case law to advance her argument.

Finally, Chikonde's request that this Court decline to assert supplemental jurisdiction over Go Mortgage's claim for tortious interference with a business relationship—a claim interrelated and directly tied to Go Mortgage's other claims—should be denied. To deny supplemental jurisdiction the Court would need to ignore the clear and unambiguous recitation of facts set forth in the Complaint. For these reasons and the arguments set forth more fully below, the Motion to Dismiss should be denied.

## II. <u>LEGAL ARGUMENT</u>

When reviewing a motion to dismiss for improper venue, a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. Fed. R. Civ. Pro. 12(b)(3); *see Prudential Ins. Co. of Am. v. Lucak-Brewer*, N.D.Ohio No. 1:19-CV-01621-DAP, 2019 U.S. Dist. LEXIS 216089, at *6 (Nov. 27, 2019). If the court finds that venue is improper, it has the discretion to either dismiss the case or transfer it to the district in which it could have been brought. Fed. R. Civ. Pro. 12(b)(3); 28 U.S.C. § 1406(a); *see also*

2

129276816v1

The Motion to Dismiss also seeks dismissal of Go Mortgage's claims for breach of contract and breach of duty of good faith and loyalty by asserting that they are preempted by law. This assertion is without any legal foundation and ought to be rejected as well. In any event, Chikonde fails to meet the high burden established by Fed. R. Civ. P. 12(b)(6) by merely stating generalities without citing to any legal authority for support. Mot. to Dismiss, p. 4. Further, notwithstanding the fact that Go Mortgage's common law claims are based on *different* factual allegations than its federal statutory claims, the DTSA explicitly states that it does **not** preempt other civil claims, and the CFAA itself does feature any clear preemptive language. Perhaps this is why Chikonde failed to cite any case law to advance her argument.

Finally, Chikonde's request that this Court decline to assert supplemental jurisdiction over Go Mortgage's claim for tortious interference with a business relationship—a claim interrelated and directly tied to Go Mortgage's other claims—should be denied. To deny supplemental jurisdiction the Court would need to ignore the clear and unambiguous recitation of facts set forth in the Complaint. For these reasons and the arguments set forth more fully below, the Motion to Dismiss should be denied.

## II. <u>LEGAL ARGUMENT</u>

When reviewing a motion to dismiss for improper venue, a court may examine facts outside the complaint, but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. Fed. R. Civ. Pro. 12(b)(3); *see Prudential Ins. Co. of Am. v. Lucak-Brewer*, N.D.Ohio No. 1:19-CV-01621-DAP, 2019 U.S. Dist. LEXIS 216089, at *6 (Nov. 27, 2019). If the court finds that venue is improper, it has the discretion to either dismiss the case or transfer it to the district in which it could have been brought. Fed. R. Civ. Pro. 12(b)(3); 28 U.S.C. § 1406(a); *see also*

*Pritchard v. Thompson*, W.D.Tenn. No. 22-cv-2838-JPM-tmp, 2023 U.S. Dist. LEXIS 158255, at *7 (Aug. 3, 2023).

A. <u>*Venue in the Southern District of Ohio is proper*</u>.

Go Mortgage is based in Columbus, Ohio and maintains its national headquarters on Worth Avenue, in the Easton Shopping and Office Development. The Company's business and financial operations are included within its Columbus office, a location that also houses its executive offices where the Company pays its taxes and manages its data, resources, financial management team and dozens of staff members. Chikonde's immediate supervisors (the President and the CEO) are based in Columbus. The Company sustained millions of dollars in damages here because of Chikonde's actions, which were discovered in Columbus.

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The Sixth Circuit has recognized that "this includes any forum with a substantial connection to the plaintiff's claim." *First Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Additionally, "[w]here a motion is decided solely on the pleadings and attached affidavits, viewed in the light most favorable to the plaintiff, plaintiff need only present a *prima facie* case that venue is proper." *Kettering Adventist Healthcare v. Jade Designs, LLC*, No. 3:21-cv-136, 2021 WL 4844082, at *2 (S.D. Ohio Oct. 18, 2021).

Ohio courts have an interest in adjudicating disputes regarding Ohio companies, including those involving allegations of misappropriation of trade secrets. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 169 (S.D.Ohio 2012). In *Dayton Superior Corp. v. Yan*, an Ohio entity brought suit against, in part, two former employees, alleging misappropriation of trade secrets and confidential and proprietary information. *Id.* Among other things, the defendants sought a transfer

3

of venue due to their location in Missouri. *Id.* at 165. In denying defendants' transfer request and finding that the Southern District was proper, this Court noted, in part, that Plaintiff is located in Ohio, filed its Complaint in Ohio, maintains its corporate functions in Ohio, and anticipates calling Ohio witnesses. *Id.* at 169; *see also Kettering Adventist Healthcare v. Jade Designs, LLC,* No. 3:21-cv-136, 2021 WL 4844082, at *8-9 (denying a request to transfer venue where the effects of Defendant's alleged breach were felt in Ohio.)

In this case, as in *Dayton Superior Corp., supra*, Go Mortgage's principal place of business is located in Ohio and it maintains its corporate functions in Ohio. (Compl. ¶¶ 2, 23.) Go Mortgage sustained millions of dollars in damages due to Chikonde's tortious acts, including, among other things, misappropriation of trade secrets and confidential information as well as breach of contract. (*Id*. ¶¶ 9, 21.) Chikonde deprived Go Mortgage of key data and information needed for the effective and orderly administration of its business platform from Ohio. (*Id.* ¶¶ 22, 53.) For these reasons alone, and the fact that Chikonde failed to cite to any case law supporting her argument that venue is improper in this Court, the Motion to Dismiss based on improper venue should be denied and this Court should decline Chikonde's request to transfer the case to Colorado.

### B. *This Court has personal jurisdiction over Chikonde*.

Ohio's long arm statute confers personal jurisdiction over a defendant when the cause of action arises out of:

> (1) Transacting any business in this state;
> \*\*\*
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> \* \* \*
> - (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring

> persons, when he might reasonably have expected that some
> person would be injured thereby in this state.

R.C. 2307.382(A). Personal jurisdiction is proper under R.C. 2307.382(A)(1),(4), and (6). Chikonde fails to address either R.C. 2307.382(A)(4) or (6) in the Motion to Dismiss, which should be denied. (Mot. to Dismiss, p. 4.)

**1. Chikonde could reasonably expect that her actions would cause injury to Go Mortgage in Ohio.**

The Court has personal jurisdiction over Chikonde pursuant to R.C. 2307.382(A)(6). "Federal courts in Ohio have generally taken a broad approach in applying Section 2307.382(A)(6)." *Am. Security & Audio Video Sys., Inc. v. Prep TMT, LLC*, No. TBD, 2023 WL 2956614, at *5 (N.D. Ohio Apr. 14, 2023)(internal citations omitted). Courts have found allegations of tortious misappropriation and/or misuse of proprietary or customer information of a company located in Ohio sufficient to meet the ***prima facie*** standard to show a tortious injury in Ohio. *See, e.g.*, *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 480 (6th Cir. 2015); *Safety Today, Inc. v. Roy*, No. 2:12-CV-510, 2012 WL 2374984, at *2 (S.D. Ohio June 22, 2012)(finding that an alleged misuse of trade secrets "cause[s] loss in Ohio when the company is based here"); *Just Funky, LLC v. Boom Trendz, LLC*, No. 5:21-cv-1127, 2021 WL 5494814, at *6 (N.D. Ohio Nov. 23, 2021); *Country Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 U.S. Dist. LEXIS 189380, 2019 WL 5653288, at *8 (N.D. Ohio Oct. 31, 2019)(finding parties could "reasonably expect[] that injury would occur in Ohio by taking the confidential information of their Ohio-based employer.").

Here, Go Mortgage has alleged that it suffered injury and harm in Ohio, i.e. its principal place of business, proximately caused by Chikonde's tortious acts, including misappropriation of trade secrets, and other claims, in Ohio. (Compl. ¶¶ 21, 22, 23, 26.) The misappropriation included

loan information and customer names. (Compl. ¶ 54.) Chikonde could reasonably expect that an injury would occur in Ohio by stealing confidential information from her Ohio-based employer. *See Country Mortg., Inc. v. Messina*, *supra*. Accordingly, this Court has personal jurisdiction over Chikonde and the Motion to Dismiss should be denied.

2. **Personal jurisdiction is proper under R.C. 2307.382(A)(1) and (4).**

Chikonde transacted business in Ohio. Therefore, this Court has also personal jurisdiction over her pursuant to R.C. 2307.382(A)(1) and (4).

Ohio courts construe "transacting business" broadly. *Greene v. Whiteside* (1st Dist. 2009), 181 Ohio App.3d 253, 2009 Ohio 741. "Transact" is broader than "contract" and includes "to carry on business" and "to have dealings." *Id.; see, e.g., NPF XII, Inc. v. Special Care, Inc.*, No. C2-00-1048, 2001 U.S. Dist. LEXIS 24347, at *9 (S.D. Ohio, July 17, 2001)(finding defendant "transacted business" under R.C. 2307.382(A)(1) where she, in part, "conducted telephone calls and other correspondence with the plaintiff, which she knew to be an Ohio company"); *MedChoice Fin., LLC v. ADS Alliance Data Sys.*, 857 F.Supp.2d 665, 678 (S.D.Ohio 2012)(citing *Nat'l City Comm'l Capital, Co. v. Evertile Flooring, Inc.*, Hamilton C.P. No. A0911906, 2010 Ohio Misc. LEXIS 489, at *3 (Jan. 6, 2010)(finding R.C. 2307.382(A)(1) satisfied where "[d]efendants had numerous contacts with Plaintiffs through e-mails and telephone calls, all to Ohio")).

Chikonde—although located as a remote employee in Colorado—had regular communication, i.e. business dealings with Go Mortgage sufficient for R.C. 2307.382(1) and (4). Chikonde served as Director of Capital Markets for Go Mortgage, a national residential mortgage lender based in Columbus, Ohio. (Compl. ¶¶ 2-3.) As part of her duties, Chikonde managed Go Mortgage's warehouse lines, pricing, hedging and loan sales. Compl. ¶ 6; *see NPF XII, Inc. v. Special Care, Inc.*, *supra*.

Accordingly, Chikonde's argument that this Court lacks personal jurisdiction over her is without merit and the Motion to Dismiss should be denied.

### C. *Plaintiff's claims for breach of contract and sixth breach of duty of good faith and loyalty are not preempted.*

As an initial matter, Go Mortgage's common law claims are not based on the identical factual allegations as its DTSA, Wisconsin Trade Secrets Act ("WTSA"), and CFAA claims. Even if they were, which they are not, Chikonde's argument still fails.

#### 1. Go Mortgage's breach of contract claim is based on acts different and unique from its statutory claims.

Go Mortgage's breach of contract claim departs from the facts alleged in the DTSA and WTSA claims. This claim alleges that Chikonde, among other things, breached her contract by "intentionally acting in interests adverse to Go Mortgage during her employment." (Compl. ¶ 94.) Therefore, Chikonde's argument that the claims are based **solely** on the premise that Defendant "retained and/or forwarded emails to herself that contain its trade secrets" is disingenuous at best. (Mot. to Dismiss, p. 4.)

In any event, the DTSA explicitly provides that it does not preempt other civil claims. 18 U.S.C. § 1838 (the DTSA "shall not be construed to preempt or displace any other remedies, whether civil or criminal, provided by United States Federal, State, commonwealth, possession, or territory law for the misappropriation of a trade secret[.]") Indeed, federal courts have permitted simultaneous claims under the DTSA and for breach of contract, even when a plaintiff may not ultimately be entitled to duplicative relief. *Arthur J. Gallagher*, No. 20-cv-05505-EMC, 2022 WL 4092673, at *8 (citing 18 U.S.C. § 1838 and stating that "[n]o preemption applies."); *M.M.A. Design, LLC v. Capella Space Corp.*, No. 18-cv-02957-MSK-NRN, 2019 WL 3973935, at *4 n.3

7

(D. Colo. Aug. 21, 2019)(citing 18 U.S.C. § 1838)("The FDTSA expressly declines to preempt state common-law remedies that might apply to misuse of a trade secret.").

Even if Go Mortgage's breach of contract claim involved the very same factual allegations as its claim for WTSA, which it does not, Chikonde's argument is still without merit. Federal courts applying Wisconsin law have consistently determined that common law claims alleging a misappropriation of confidential information (as opposed to simply trade secrets) should not be dismissed as preempted by the WTSA at the motion to dismiss stage. *ProClip USA, LLC v. Ebert*, No. 21-cv-163-wmc, 2022 WL 579265, at *5 (W.D. Wis. Feb. 25, 2022); *Radiator Express Warehouse, Inc. v. Shie*, 708 F.Supp.2d 762, 770 (E.D. Wis. 2010). Therefore, the Motion to Dismiss should be denied.

**2. Plaintiff's breach of duty of good faith and loyalty claim is proper**.

Similarly, Chikonde's argument that Go Mortgage's claim for breach of duty of good faith and loyalty is identical to its CFAA claim also has no merit. In addition to deleting files, removing authorized users, and changing passwords, Go Mortgage also alleged Chikonde contacted various entities and told them Go Mortgage was not equipped to work in capital markets. (Compl. ¶¶ 39, 109.) Essentially, she defamed her employer in order to interfere with its business prospects.

Regardless, the CFAA itself does not feature clear preemptive language. *Integrated Waste Sols., Inc. v. Goverdhanam*, No. 10-2155, 2010 WL 4910176, at *15 n.10 (E.D. Pa. Nov. 30, 2010) (noting that "the [Stored Communications Act] and [Computer Fraud and Abuse Act] do not yield [ ] clear preemptive language."). Courts applying the CFAA have held that it does not preclude bringing CFAA claims along with other common law claims. *See, e.g., Hecht v. Components Int'l, Inc.*, 867 N.Y.S.2d 889, 898 (N.Y. Sup. Ct. 2008); *U.S. v. Riggs*, 739 F. Supp. 414, 423 (N.D. Ill. 1990). Therefore, the Motion to Dismiss should be denied.

8

D. *The Court has supplemental jurisdiction over Plaintiff's claim for tortious interference with business relationships*.

"[C]ourts may exercise supplemental jurisdiction over state law claims that share 'a common nucleus of operative facts' with a federal claim properly brought before the court." *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)). A loose factual connection between the federal and state claims is generally sufficient to permit supplemental jurisdiction. *Blakely v. United States*, 276 F.3d 853, 862 (6th Cir.2002)(exercising supplemental jurisdiction where the claims involve factual overlap and many of the same witnesses)(internal citations omitted.)

Go Mortgage's claim for tortious interference involves a common nucleus of operative facts as those underlying its other claims. For example, Go Mortgage's claims are all based on the same time period, i.e. Chikonde's preparation for her resignation through the eve of her resignation, and involve many of the same third parties and witnesses as the other claims. (Compl. ¶¶ 9, 16, 22, 50, 51, 54.) Also, Go Mortgage alleges Chikonde tortuously interfered with its business relationship by telling various third parties, including but not limited to, warehouse lenders, investors, and Fannie Mae that Go Mortgage had no one to run its capital markets department. (Compl. ¶¶ 101-103.)

Moreover, judicial economy and convenience dictates that this claim should be adjudicated in this case. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Rosado v. Wyman*, 397 U.S. 397, 404 (1970)(recognizing the importance of "the conservation of judicial energy and the avoidance of multiplicity of litigation[.]"). Accordingly, Chikonde's request that this Court decline to exercise supplemental jurisdiction over a claim interrelated and directly tied to Go Mortgage's other claims should be denied.

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied.

Dated October 6, 2023                    Respectfully submitted,

                */s/ James D. Abrams*
                James D. Abrams (0075968), Trial Counsel
                jabrams@taftlaw.com
                David K. Stein (0042290)
                dstein@taftlaw.com
                Lauren A. Kemp (0093436)
                lkemp@taftlaw.com
                Taft Stettinius & Hollister LLP
                41 S. High Street, Suite 1800
                Columbus, OH 43215
                Telephone: 614-221-2838
                Facsimile: 614-221-2007

                *Attorneys for Plaintiff*
                *Go Mortgage, LLC*

129276816v1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I filed the above using the Court's CM/ECF system, which will send electronic notice of this filing to all parties of record.

*/s/ James D. Abrams*
Attorney at law
